2026 IL App (1st) 242190-U

No. 1-24-2190

May 26, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 908 |
| | ) | |
| STEVE LOWE, | ) | Honorable |
| | ) | Michael R. Clancy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   Defendant's conviction for armed habitual criminal is affirmed where his facial and as-applied constitutional challenges to the underlying statute lack merit.

¶ 2    Following a jury trial, defendant Steve Lowe was found guilty of armed habitual criminal

(AHC) (720 ILCS 5/24-1.7(a) (West 2022)) and sentenced to 10 years' imprisonment. On appeal,

citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), defendant argues that

the AHC statute violates the second amendment of the United States Constitution (U.S. Const., amend. II) on its face and as applied to him as a non-violent felon. We affirm.

¶ 3     Defendant was charged with multiple offenses arising from an incident on December 27, 2023. The State proceeded on one count of AHC, predicated on defendant possessing a firearm after having been convicted of two drug-related offenses. Because defendant does not challenge the sufficiency of the evidence to sustain his conviction, we recount the facts to the extent necessary to resolve the issue raised on appeal.

¶ 4     At trial, Sergeant Christopher Rodriguez testified that on December 27, 2023, at approximately 3:06 a.m., he responded to a dispatch regarding a person with a firearm at a gas station on Cottage Grove Avenue in Chicago, Illinois. There, Rodriguez observed defendant standing near a vehicle by an air pump. The gas station attendant told Rodriguez that the person by the air pump had a firearm in his waistband, and pointed in defendant's direction. Defendant was wearing a darker brown fur coat over a lighter-colored jacket.

¶ 5     Rodriguez waited in his vehicle for additional units to arrive and maintained a view of defendant, who drove away. Rodriguez followed and activated his emergency lights. Defendant stopped his vehicle and fled on foot. Rodriguez gave chase. During the pursuit, defendant removed the dark brown coat after it "appeared to either be caught on or was being hung on [a] fence." After defendant was apprehended, Rodriguez noticed a firearm on the ground near defendant's coat.

¶ 6     Officer Gabriel Astudillo testified that he saw Rodriguez chasing defendant and also gave chase. Defendant initially wore a brown fur coat. After losing sight of defendant for a "brief second," Astudillo saw him without the fur coat. After defendant was arrested, the fur coat was recovered. Underneath it, on the ground, Astudillo recovered a firearm.

¶ 7    The parties stipulated that defendant had two prior qualifying convictions for purposes of AHC.

¶ 8    The jury found defendant guilty of AHC. Defendant's motion for a new trial was denied.

¶ 9    Defendant's presentence investigative report listed multiple convictions for drug, theft, and property-related offenses, and one conviction for battery. Following a hearing, defendant was sentenced to 10 years in prison. Defendant's motion to reconsider sentence was denied.

¶ 10   On appeal, defendant contends that, in light of *Bruen*, the AHC statute is unconstitutional on its face and as applied to him under the second amendment of the United States Constitution (U.S. Const., amend. II).

¶ 11   Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9 (citing *People v. Davis*, 2014 IL 115595, ¶ 26). A party challenging the constitutionality of a statute "carr[ies] the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. A facial challenge alleges that a statute is unconstitutional under any set of facts. *People v. Thompson*, 2015 IL 118151, ¶ 36. An as-applied challenge, in contrast, alleges that a statute violates the constitution as it applies to the facts and circumstances of the challenging party. *Id.*

¶ 12   The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

¶ 13   The AHC statute provides that "A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted

a total of 2 or more times of any combination of" certain enumerated felonies. 720 ILCS 5/24-1.7(a) (West 2012).

¶ 14    In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), in which it stated that the Second Amendment elevated "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id*. at 635. The court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons *** or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

¶ 15    In *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id*. at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 16    In *Bruen*, the United States Supreme Court announced a new analytical framework for evaluating the constitutionality of firearm regulations. Under *Bruen*, courts only have to consider "plain text" and history. *Bruen*, 597 U.S. at 24. First, an individual's conduct is presumptively protected if the conduct is covered by the Second Amendment's plain text. *Id*. Second, if the individual's conduct is covered by the Second Amendment, then "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 17.

¶ 17    In *Heller*, *Bruen*, and *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court expressly stated that the Second Amendment protects the rights of "law-abiding citizens." See *Bruen*, 597 U.S. at 8-10 (agreeing that "law-abiding citizens" have a right to carry handguns for self-defense outside the home); see also *Heller*, 554 U.S. at 635 (Second Amendment elevated

"the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home" (emphasis added)); *Rahimi*, 602 U.S. at 699 (confirming that "prohibitions *** on the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful' ").

¶ 18    We turn first to defendant's facial challenge under the Second Amendment. Following *Bruen*, "the appellate court has concluded that statutes 'prohibit[ing] felons from possessing firearms *** generally fall outside of [the second amendment's] scope.' " *Lopez*, 2025 IL App (1st) 232120, ¶ 22 (quoting *People v. Gray*, 2025 IL App (1st) 191086-B, ¶ 20); see *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 ("The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant."). "In turn, the appellate court has considered whether the armed habitual criminal statute is facially unconstitutional *** and consistently found that the statute is facially constitutional because felons are not part of 'the people' protected by the second amendment resulting in the *Bruen* test not applying." *Lopez*, 2025 IL App (1st) 232120, ¶ 22; see also *People v. Gray*, 2025 IL App (1st) 191086-B, ¶ 20; *People v. Kelley*, 2024 IL App (1st) 230569, ¶¶ 16-22, 30; *People v. McTizic*, 2025 IL App (1st) 240467-U, ¶¶ 8-13, 20; *People v. Whitehead*, 2024 IL App (1st) 231008-U, ¶¶ 85, 89; *People v. Thomas*, 2024 IL App (4th) 240315-U, ¶¶ 23-24; see also Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (providing that unpublished Rule 23 orders filed on or after January 1, 2021, "may be cited for persuasive purposes"). We decline to depart from these well-reasoned holdings and similarly conclude that, because the Second Amendment only protects the right of law-abiding citizens to bear arms, the AHC statute is constitutional on its face.

¶ 19     Next, defendant argues that the AHC statute is unconstitutional as applied to him because he is a nonviolent felon. An as-applied challenge, as noted, alleges only that a statute violates the constitution as applied to the particular facts and circumstances of the challenging party. *Thompson*, 2015 IL 118151, ¶ 36. An as-applied challenge is a question of law that we review *de novo*. *People v. Swenson*, 2020 IL 124688, ¶ 19.

¶ 20     This court has rejected the contention that the prohibition on firearms possession for felons is unconstitutional as applied to nonviolent felons. See *People v. Echols*, 2024 IL App (2d) 220281-U, ¶ 156 ("whether defendant's qualifying convictions were 'nonviolent' is irrelevant, as the Supreme Court placed no qualifiers on the word 'felons' in either *Heller* or *McDonald*"); *People v. Gross*, 2024 IL App (2d) 230017-U, ¶ 27 ("neither *Heller* nor *Bruen* qualified the term 'felon' or otherwise limited it to violent felons"); see also *Medina v. Whitaker*, 913 F. 3d 152, 159 (D.C. Cir. 2019) (observing that "[f]elonies encompass a wide variety of non-violent offenses, and we see no reason to think that the [United States Supreme Court] meant 'dangerous individuals' when it used the word felon" in *Heller*).

¶ 21     Although felons were not broadly prohibited from possessing firearms until the twentieth century, "such laws evolved from preexisting prohibitions restricting access to firearms," including by certain groups of people. *Travis*, 2024 IL App (3d) 230113, ¶¶ 28-29. In colonial America, for example, legislatures " 'disarm[ed] individuals whose status indicated that they could not be trusted to obey the law.' " *Id*. ¶¶ 30-31 (quoting *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 94).

¶ 22     The Supreme Court has not distinguished between bans on firearm possession for violent and non-violent felons. See, *e.g.*, *Brooks*, 2023 IL App (1st) 200435, ¶ 100. Thus, defendant's

contention that his criminal history is non-violent does not affect the constitutionality of the AHC statute, and it is constitutional as applied to him.

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24    Affirmed.